**UNITED STATES DISTRICT COURT**     JS-6
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 21-00198-DOC-(JDEx)          Date: May 7, 2021

Title: JAMES RUTHERFORD V. STERIK BUENA PARK, L.P., ET AL

---

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Kelly Davis | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

---

**PROCEEDINGS (IN CHAMBERS):**    **ORDER GRANTING IN PART APPLICATION FOR DEFAULT JUDGMENT [14] AND DISMISSING PLAINTIFF'S STATE LAW CLAIMS**

Before the Court is Plaintiff James Rutherford's ("Plaintiff") Application for Default Judgment ("Application") (Dkt. 14). The Court finds this matter appropriate for resolution without oral argument. Fed. R. Civ. P. 78; C.D. Cal. R. 7-15. The Court hereby GRANTS IN PART the Plaintiff's Application. On its own motion, the Court dismisses Plaintiff's claims under the California Unruh Civil Rights Act for lack of jurisdiction for the reasons described below.

**I.  Background**

    **A.  Facts**

The following facts are drawn from the Complaint (Dkt. 1). Plaintiff is a California resident with physical disabilities who relies on a wheelchair or other mobility devices. Compl. ¶ 20. There is a business known as Sterik Buena Park, L.P. (the "Business") on the property located at 105 S. Beach Blvc., Anaheim, CA 92801 (the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 21-00110-DOC-DFM				Date: May 7, 2021

Page 2

"Property"). *Id.* ¶¶ 2-3. Defendant Sterik Buena Park, L.P. ("Defendant") allegedly owns the Property. *Id.* On or about October 3, 2020, Plaintiff visited the Property for the purpose of purchasing a meal and confirming that this public place of accommodation is accessible to persons with disabilities. *Id.* ¶ 9. Plaintiff alleges the Business is a business establishment and a facility that is open to the public. *Id.* ¶ 14. According to Plaintiff, the Business has accessibility barriers that include the slope of the curb ramp and parking space. *Id.* ¶ 11.

### B. Procedural History

On January 28, 2021, Plaintiff filed the Complaint, followed by proof of service on February 18, 2021 (Dkts. 1, 10). On March 8, 2021, Plaintiff filed a Request for Entry of Default (Dkt. 11), which was granted on March 10, 2021 pursuant to Federal Rule of Civil Procedure 55(a) (Dkt. 12). Plaintiff filed the instant Application on April 7, 2021 (Dkt. 14).

Plaintiff requests injunctive relief to remedy the alleged ADA violations, damages under the Unruh Civil Rights Act, and attorneys' fees and costs. *See generally* Appl.

## II. California Unruh Civil Rights Act

### A. Legal Standard

In an action over which a district court possesses original jurisdiction, that court "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). However, district courts have discretion to decline to exercise supplemental jurisdiction:

> The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if—
> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 21-00110-DOC-DFM                                                  Date: May 7, 2021

Page 3

28 U.S.C. § 1367(c).

This Court may decline to exercise supplemental jurisdiction over state law claims for many factors, including "the circumstances of the particular case, the nature of the state law claims, the character of the governing state law, and the relationship between the state and federal claims." *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997). The Ninth Circuit does not require an "explanation for a district court's reasons [for declining supplemental jurisdiction] when the district court acts under" 28 U.S.C. §§ 1367(c)(1)-(3), *San Pedro Hotel Co. v. City of Los Angeles*, 159 F.3d 470, 478 (9th Cir. 1998), but does require a district court to "articulate why the circumstances of the case are exceptional in addition to inquiring whether the balance of the Gibbs values provide compelling reasons for declining jurisdiction in such circumstances." *Executive Software N. Am. Inc. v. U.S. Dist. Court for the Cent. Dist. of Cal.*, 24 F.3d 1545, 1558 (9th Cir. 1994). When declining to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c)(4), "the court must identify the predicate that triggers the applicability of the category (the exceptional circumstances), and then determine whether, in its judgment, the underlying *Gibbs* values are best served by declining jurisdiction in the particular case (the compelling reasons)." *Id.*

**B.**     **Discussion**

"In 2012, in an attempt to deter baseless claims and vexatious litigation, California adopted heightened pleading requirements for disability discrimination lawsuits under the Unruh Act." *Velez v. Il Fornaio (Am.) Corp.*, Case No. CV 3:18-1840 CAB (MDD), 2018WL 6446169, at *6 (S.D. Cal. Dec. 10, 2018). These heightened pleading requirements apply to actions alleging a "construction-related accessibility claim," which California law defines as "any civil claim in a civil action with respect to a place of public accommodation, including but not limited to, a claim brought under Section 51, 54, 54.1, or 55, based wholly or in part on an alleged violation of any construction-related accessibility standard." Cal. Civ. Code § 55.52(a)(1). Furthermore, high frequency litigants are subject to a special filing fee and further heightened pleading requirements. *See* Cal. Gov. Code § 70616.5; Cal. Civ. Proc. Code § 425.50(a)(4)(A).

The Court finds that California's enactment of the heightened standards and fees described above, combined with the immense burden of the ever-increasing number of combined ADA/Unruh cases filed in this district, presents "exceptional circumstances"

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 21-00110-DOC-DFM  Date: May 7, 2021

Page 4

and "compelling reasons" that justify the Court's exercise of its discretion to decline supplemental jurisdiction over Plaintiff's state claims under 28 U.S.C. § 1367(c)(4). *See Shutza v. Cuddeback*, 262 F. Supp. 3d 1025, 1031 (S.D. Cal. 2017) (declining supplemental jurisdiction to discourage ADA plaintiffs' "use [of the] federal court[s] as an end-around to California's pleading requirements"). It is not, under *Gibbs*, "fair" to defendant that plaintiffs may pursue construction-related ADA claims in this Court while evading the limitations California has imposed on such claims in state court.

Finally, the Court sees no prejudice in requiring Plaintiff's state-law claims be heard in state court. Indeed, "if [P]laintiff legitimately seeks to litigate this action in a single forum, [P]laintiff may dismiss this action and refile it in state court in accordance with the requirements California has imposed on such actions." *Garibay v. Rodriguez*, Case No. 2:18-CV-09187-PA-AFM, Dkt. 43 at 8 (C.D. Cal. August 27, 2019).

The Court briefly notes that Plaintiff's Unruh Act claims hinge on the theory that Defendant has failed to provide appropriate accommodations under the ADA. Plaintiff does not allege any injury separate from the underlying alleged ADA violations. As such, Plaintiff's state law claim is, in effect, identical to his ADA claim, and does not allege separate causes of action. Furthermore, because Plaintiff's Unruh Act claim has a heightened pleading standard, the Court declines, in accordance with the reasoning above, to exercise supplemental jurisdiction over that claim.

### III. Application for Default Judgment

#### A. Legal Standard

Federal Rule of Civil Procedure 55(b) provides that the Court may, in its discretion, order default judgment following the entry of default by the Clerk. Fed. R. Civ. P. 55(b). Local Rule 55 sets forth procedural requirements that must be satisfied by a party moving for default judgment. C.D. Cal. R. 55. Entry by the Clerk is proper when the amount of damages is "for a sum certain or a sum that can be made certain by computation"; entry by the Court is proper "[i]n all other cases." Fed. R. Civ. P. 55(b). Upon entry of default, the well-pleaded allegations of the complaint are taken as true, with the exception of allegations concerning the amount of damages. *See, e.g.*, *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977). However, "necessary facts not contained in the pleading, and claims which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992). Where the pleadings are insufficient, the Court may require the moving party to produce

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 21-00110-DOC-DFM　　　　　　　　　　　　　　　Date: May 7, 2021

Page 5

evidence in support of the motion for default judgment. *See TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987).

　　When deciding whether to enter default judgment, courts consider seven factors:

　　　　(1) the possibility of prejudice to the plaintiff;
　　　　(2) the merits of plaintiff's substantive claim;
　　　　(3) the sufficiency of the complaint;
　　　　(4) the sum of money at stake in the action;
　　　　(5) the possibility of a dispute concerning material facts;
　　　　(6) whether the default was due to excusable neglect; and
　　　　(7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

### B.　Discussion

Plaintiff has satisfied the requirements of Local Rules 55-1 and 55-2 and Federal Rule of Civil Procedure 55(b). Having determined Plaintiff's procedural compliance, the Court turns to the substance of Plaintiff's Application.

#### 1.　Possibility of Prejudice to Plaintiff

The first *Eitel* factor requires the Court to consider the harm to Plaintiff if the Court does not grant default judgment. *See PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). Here, without an entry of default judgment, Plaintiff will be prejudiced and denied the right to a judicial resolution of the claims presented. *See id.* Plaintiff alleges that he has encountered barriers at the Business and is being deterred from further patronizing the Business. Compl. ¶¶ 11, 21. Defendant has failed to defend against the action, denying Plaintiff his rights under the ADA. Accordingly, the Court finds that this factor weighs in favor of default judgment.

#### 2.　Merits of Claim and Sufficiency of the Complaint

Courts often consider the second and third *Eitel* factors together. *See PepsiCo*, 238 F. Supp. 2d at 1175. The second and third *Eitel* factors favor default judgment where the complaint states a claim for relief. *Id.* at 1177 (citing *Danning v. Lavine*, 572 F.2d 1386,

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 21-00110-DOC-DFM                                                     Date: May 7, 2021

Page 6

1388 (9th Cir. 1978)). In their analyses of the second and third *Eitel* factors, courts accept as true all well-pleaded allegations regarding liability. *See Fair Hous. Of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002).

     The ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). Plaintiff alleges that Defendant owns, operates, and/or leases the Business and are therefore liable for violating the ADA, if Plaintiff shows that he suffered discrimination at the location due to his disability. Discrimination includes "a failure to remove architectural barriers . . . where such removal is readily achievable." *Id.* § 12182(b)(2)(A)(iv).

     As a threshold matter, Plaintiff has standing to pursue his ADA claim. Plaintiff alleges that he was denied access to the Business and is deterred from going in the future, and the Court accepts these allegations as true because of Defendant's default. *See Fair. Hous. Of Marin*, 285 F.3d at 906; *see also* Compl. ¶ 21. Plaintiff also alleges that the architectural barriers at issue were the cause of the denial of access to the Business. *See id.* ¶ 11. Plaintiff has also shown that he was denied public accommodation as a result of his disability.

     Injunctive relief may address these issues. However, where injunctive relief is sought, a plaintiff must demonstrate "significant possibility of future harm." *See San Diego Cty. Gun Rights Comm v. Reno*, 98 F.3d 1121, 1126 (9th Cir. 1996).

> Demonstrating an intent to return to a noncompliant accommodation is but one way for an injured plaintiff to establish Article III standing to pursue injunctive relief. A disabled individual also suffers a cognizable injury if he is deterred from visiting a noncompliant public accommodation because he has encountered barriers related to his disability there.

*Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 949 (9th Cir. 2011). Here Plaintiff alleges that he is being deterred from patronizing the Business. Compl. ¶ 21. Thus, Plaintiff has standing to pursue injunctive relief.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 21-00110-DOC-DFM					Date: May 7, 2021

Page 7

Plaintiff has also shown that he is disabled under the ADA. The ADA defines disability as "[a] physical or mental impairment that substantially limits one or more major life activities." 42 U.S.C. 12102(1)(A). Major life activities include walking and standing. *Id.* § 12102(2)(A). Here, Plaintiff asserts he must rely on a wheelchair for mobility. Compl. ¶ 1. Therefore, Plaintiff is disabled under the ADA.

Plaintiff has further shown that Defendant is a private entity that owns, leases, or operates the Business as a place of public accommodation. A retail store is a place of public accommodation. *See id.* § 12181(7)(B). Plaintiff asserts that the Defendant owned the Property and/or the Business. Accepting these allegations as true, Plaintiff has shown Defendant own a place of public accommodation.

Finally, Plaintiff has shown that removal of the barriers is readily achievable. Plaintiff alleges that the above violations "are easily removed without much difficulty or expense" to make the Business more accessible. Compl. ¶ 26. Indeed, federal regulations provide examples of readily achievable removals. Under 28 C.F.R. § 36.304(b), readily achievable ways of removing barriers include "installing ramps" and "making curb cuts in sidewalks and entrances." Thus, Plaintiff has sufficiently shown removal of the barriers is readily achievable. The Court finds that Plaintiff has stated a cause of action under the ADA.

### 3. Sum of Money at Stake

The fourth *Eitel* factor balances "the amount of money at stake in relation to the seriousness of the [d]efendant's conduct." *PepsiCo*, 238 F. Supp. 2d at 1176. This requires the Court to assess whether the recovery sought is proportional to the harm caused by the defendant's conduct. *See Walters v. Statewide Concrete Barrier, Inc.*, No. C 04-2559 JSW, 2006 WL 2527776, at *4 (N.D. Cal. Aug. 30, 2006) ("If the sum of money at issue is reasonably proportionate to the harm caused by the defendant's actions, then default judgment is warranted."). "Default judgment is disfavored when the sum of money at stake is too large or unreasonable in relation to defendant's conduct." *Vogel v. Rite Aid Corp.*, 992 F. Supp. 2d 998, 1012 (C.D. Cal. 2014).

Here, because the state law claims have been dismissed, Plaintiff can only pursue attorneys' fees. Such an award is not disproportional to the harm caused. The Court determines that the fourth *Eitel* factor weighs in favor of default judgment.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 21-00110-DOC-DFM                                                  Date: May 7, 2021

Page 8

### 4.     Possibility of Dispute Concerning Material Facts

The fifth *Eitel* factor requires the Court to consider the possibility of dispute as to material facts in the case. Where a plaintiff's complaint is well-pleaded and the defendants make no effort to properly respond, the likelihood of disputed facts is very low. *See Landstar Ranger, Inc. v. Parth Enters., Inc.*, 725 F. Supp. 2d 916, 921 (C.D. Cal. 2010).

Here, Plaintiff provided a well-pleaded complaint and Defendant failed to dispute the allegations. "Upon entry of default, all well-pleaded facts in the complaint are taken as true, except those relating to damages." *PepsiCo*, 238 F. Supp. 2d at 1177 (citing *Televideo Sys., Inc.*, 826 F.2d at 917-18). Accordingly, this factor weighs in favor of default judgment.

### 5.     Possibility of Excusable Neglect

The sixth *Eitel* factor considers the possibility that a defendant's default resulted from excusable neglect. *Vogel*, 992 F. Supp. 2d at 1013; *see also Eitel*, 782 F.2d at 1471-72. Due process requires that interested parties be given notice of the pendency of the action and be afforded an opportunity to present their objections before a final judgment is rendered. *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950). While there is always a possibility that a defendant might appear and claim excusable neglect, where the defendants "were properly served with the Complaint, the notice of entry of default, as well as the papers in support of the instant motion," this factor favors entry of default judgment. *Shanghai Automation Instrument Co. Ltd. v. Kuei*, 194 F. Supp. 2d 995, 1005 (N.D. Cal. 2001).

Here, Defendant was properly served with the Complaint and the Application. *See* Dkt. 10. However, no answer or other response was filed. Defendant has simply made no effort to defend this suit. Because the likelihood of excusable neglect is very low, this factor weighs in favor of default judgment.

### 6.     Strong Policy Favoring Decision on the Merits

The seventh *Eitel* factor requires the Court to consider the strong judicial policy favoring decisions on the merits before granting default judgment. "Cases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. But the very existence of Rule 55(b) "indicates that this preference, standing alone, is not

Case 8:21-cv-00198-DOC-JDE   Document 16   Filed 05/07/21   Page 9 of 10   Page ID #:90

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 21-00110-DOC-DFM                                         Date: May 7, 2021

Page 9

dispositive." *PepsiCo*, 238 F. Supp. 2d at 1177 (citation omitted). Rule 55(a) allows a court to decide a case before the merits are heard if a defendant fails to appear and defend. *Id.* ("Defendant's failure to answer plaintiff's complaint makes a decision on the merits impractical, if not impossible."). Since Defendant has not responded to Plaintiff's Complaint, the Court is not precluded from entering judgment.

Taken together, the seven *Eitel* factors weigh in favor of granting default judgment against the Defendant.

### C. Remedies

Having determined that default judgment is proper, the Court turns to the remedies sought. "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). Once "[i]njury is established[,] . . . plaintiff need prove only that the compensation sought relates to the damages that naturally flow from the injuries pled." *See Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003). While the Court is not required to issue findings of fact as to liability, it must do so as to damages. *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1414 (9th Cir. 1990). The Court can consider "declarations, calculations, and other documentation of damages in determining if the amount at stake if reasonable" when assessing whether "there is an adequate basis for the damages awarded in the default judgment." *Xerox Corp. v. Am. Mail Ctrs., Inc.*, 2016 WL 10834102, at *2 (C.D. Cal. Oct. 14, 2016) (quoted citation omitted).

#### 1. Injunctive Relief

Plaintiff seeks injunctive relief under the ADA. "In the case of violations [of the accessibility provisions] of [the ADA], injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities . . . ." 42 U.S.C. § 12188(a)(2). Injunctive relief is proper here, as the Court has found Plaintiff has pleaded a valid claim under the ADA and the removal of the barriers is readily achievable. Therefore, the Court ORDERS Defendant to remove barriers at the Business to the extent Defendant can legally do so.

#### 2. Attorneys' Fees and Costs

Despite entry of default, the Court is concerned with affixing a large sum of attorneys' fees for ADA actions, such as this, against businesses—especially during a

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. SA CV 21-00110-DOC-DFM | Date: May 7, 2021 |

Page 10

global pandemic. Businesses are hurting greatly during this unfortunate emergency. Though Plaintiff has the right to visit businesses that comply with the law, attorney's fees are left to the discretion of the Court. The Court must balance providing compensation for attorneys who protect civil rights with ensuring that defendants are given a fair shake if they attempt to remedy their violations. The Court is satisfied the Plaintiff's rights are protected with injunctive relief. Furthermore, given the competing concerns described above, and given the unprecedented pandemic afflicting the United States and crippling businesses, the Court awards $462 in attorneys' fees and costs in the amount of $538. The total amount of fees and costs is $1000.

### IV. Disposition

For the reasons set forth above, the Court GRANTS IN PART Plaintiff's Application for Default Judgment and DISMISSES Plaintiff's Unruh Act claim. In particular, the Court ORDERS injunctive relief and $1000 in attorney's fees and costs.

The Clerk shall serve this minute order on the parties.

| | |
|---|---|
| MINUTES FORM 11 | Initials of Deputy Clerk: kd |

CIVIL-GEN